# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **RASHIID AL-QADIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO. 3:11-0357** |
| | ) | **JUDGE TRAUGER/KNOWLES** |
| | ) | |
| **WACKENHUT CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

This is a pro se, in forma pauperis, action filed by Plaintiff alleging religious discrimination and harassment. Docket No. 1. Plaintiff averred that, upon entering the Metro Juvenile Courthouse on April 11, 2011, he was asked to remove his kufi, which he describes as "a small head piece worn by Muslim all over the world." Docket No. 1. He averred that he offered to remove his kufi so that it could be searched for contraband, but an officer told him he could not wear it in the building. He averred that he was then removed from the building.

Approximately a week after the Complaint was filed, Judge Trauger referred this matter to the undersigned in part for a frivolity review under 28 U.S.C. § 1915(e)(2)(B).

Shortly after the Order of reference was entered, Judge Trauger contacted by telephone Davidson County Juvenile Court Judge Betty Adams Green. Docket No. 5. Judge Trauger thereafter entered an Order stating in part as follows:

> Judge Green was familiar with the earlier incident involving this
> plaintiff and assured Judge Trauger that the matter had been
> resolved with Wackenhut Security Company and that Mr. Al-Qadir

> would be allowed to wear his Kufi in the Juvenile Court Building, after removing it for security screening.
>
> Based upon this representation by Juvenile Court Judge Green, neither the Magistrate Judge nor this judge felt it necessary to rule upon the plaintiff's Emergency Motion [to enter Juvenile Court Building], and it is hereby DENIED.
>
> Unless the plaintiff files a notice with the Court by May 13, 2011 that he wishes to further pursue this case, the court will presume that Mr. Al-Qadir has received the relief requested in his Complaint and will close this file.

In response to that Order, Plaintiff filed a document headed "Motion to Pursue This Case," which gave the Court notice that Plaintiff does wish to go forward with his Complaint. Docket No. 11.

Plaintiff's claims are not frivolous. A number of courts have recognized a right under the First Amendment and/or the Religious Land Use And Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc,[1] to wear a kufi. *See Garner v. Livingston,* 2011 WL2038581 (S. D. Tex.) ("wearing the head covering known as the Kufi is also a religious practice which is important to the free exercise of the Plaintiff's Muslim religion."); *Crump v. May*, 2005 WL1919481 (D. Del.) (plaintiff's claim that his kufi was taken "survives frivolousness review"); *Jones 'El v. Berge*, 2000 WL34237510 (W. D. Wis.) (implicitly recognizing an inmate's First Amendment right to wear a kufi).

While it appears that the situation underlying Plaintiff's Complaint has been resolved for the future, Plaintiff still has an arguable claim for nominal damages for the incident that occurred

---

[1] The referenced statute is not directly applicable to Plaintiff because he is not a prisoner. Nevertheless, one section of the statute is headed "Protection of religious exercise . . ." and it protects essentially the same right of free exercise of religion as the First Amendment. *See Cutter v. Wilkinson,* 423 F.3d 579, 581-83 (6th Cir. 2005).

on April 11, 2011. *See, e.g., Carey v. Piphus,* 435 U.S. 247, 266 (1978).

For the foregoing reasons, Plaintiff's Complaint is not frivolous.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge