IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RASHID AL-QADIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CASE NO. 3:11-cv-357 |
| vs. | ) JUDGE TRAUGER / KNOWLES |
| | ) |
| | ) |
| WACKENHUT CORP. 1420 DONELSON | ) |
| PIKE NASHVILLE TENN, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

## I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss. Docket No. 30. Along with that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law with attachments. Docket No. 31.

Plaintiff has filed a Response. Docket No. 33.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment rights of Freedom of Religion. Docket No. 1. Specifically, Plaintiff avers that Defendants denied him entry to, and subsequently removed him from, the Juvenile Court building in Nashville, Tennessee because he was wearing a Kufi. *Id.* Plaintiff contends that he agreed to remove the Kufi so that it could be searched, but refused to remove it entirely, as the complete removal (and resultant non-wearing of it) violated his religious beliefs. *Id.*

1

Defendant filed the instant Motion to Dismiss and supporting materials on February 2, 2012. Docket Nos. 30 - 31-4. Defendant argues, *inter alia*, that Plaintiff's claims against it should be dismissed because: (1) the allegations of Plaintiff's Complaint do not address all the requisite elements of establishing a religious discrimination or harassment claim, do not provide "fair notice" of the "grounds upon which these claims rest," and are "precisely the skeletal pleading for which *Twombly* and *Iqbal* were intended to provide redress"; (2) Plaintiff's First Amendment allegations have failed to state a claim upon which relief can be granted; and (3) Plaintiff's Complaint fails to allege that Defendant is a state actor or that its actions constituted governmental action for First Amendment purposes, as it is "well established that the First Amendment applies to the government - not private companies or businesses." *Id.* Defendant also argues that it is not the proper Defendant in this action. *Id.* Defendant maintains that the proper Defendant is G4S Secure Solutions (USA) Inc. f/k/a The Wackenhut Corporation.[1] *Id.*

Plaintiff, in his Response, argues that he has stated a claim for religious discrimination against Defendant because:

> This cause of action is based upon the execution of security policies which were in effect at the Juvenile Center in Nashville, Davidson County, Tennessee. The policies in place at the time the plaintiff went to that location were administered by persons employed by the defendant and assigned to secure the entrances of that location on behalf of the government of Metropolitan Nashville and Davidson County, Tennessee. In administering these policies the defendant's employees prevented and arrested the entry of the plaintiff as he attempted to enter the building through the front entrance.

---

[1] This averment appears to be informational, and not a ground for the Motion to Dismiss.

Docket No. 33.

Plaintiff asserts that he was prevented from entering the building because he wore a Kufi, despite the fact that he did not possess any items that were contraband or that would create a breach of security. *Id*. Plaintiff notes:

> After some notice was brought to bear by the filing of this case, Juvenile Court Judge Bettye Adams Green saw fit to change policies at the Juvenile Justice Center in Nashville, Davidson County, Tennessee because the application of the former policies resulted in the discrimination on grounds of religious faith regarding the entry into the Juvenile Justice Center as made evident by the complaint in this cause of action. The change of policies by the court administration is an admission which modifies the improprieties of the defendant in this case.

*Id.*

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

## II.  Facts[2]

Plaintiff's Statement of Facts in his Complaint avers in its entirety as follows:

> On 4-11-2011 I entered the Metro Juvenile Court House building. I was ask to remove the items from my pockets by a Wackenhut Security Officer I complied, after going thru the metal detector I was ask to remove my Kufi (a small head piece worn by Muslim all over the world) I told them that my head piece was part of my religious practice and attire. I was told by Officer Frierson of Wackenhut Security that it didn't matter to remove it. I told him that I would be more than happy to remove it so it could be search for contraband but I was not going to remove it all together because it was part of my religious attire. Officer Frierson became very disrespectful and told me "that if I didn't remove it I would be remove from the building and that he was not going to go thru no

---

[2] Unless otherwise noted, the following "facts" are taken from Plaintiff's Complaint. Docket No. 1.

> religious politics with me. I again explain that my Kufi was part of
> my religious attire and that I had a First Amendment right to wear
> it in any building. Officer stated" he didn't care about that, then I
> was remove from the building by the Wackenhut Security staff.

Docket No. 1.

### III. Analysis

**A. Standard of Review: Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First,

> the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B. 42 U.S.C. § 1983

Plaintiff alleges violations of his First Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,*

5

474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C.  The Case at Bar

As discussed above, in the case at bar, Plaintiff argues that Defendant's security officer prevented him from entering, and subsequently removed him from, the Juvenile Center in Nashville, Davidson County, Tennessee, because he was wearing a Kufi. Docket No. 1. Plaintiff avers that he consented to have Defendant's security officer search his Kufi, but that Defendant's security officer wanted him to remove it and not wear it in the building. *Id.* Plaintiff contends that he objected to this because the non-wearing of the Kufi violated his religious beliefs. *Id.* Plaintiff avers that he communicated his objections and his reasons for those objections to Defendant's security officer, but that Defendant's security officer "became very disrespectful," stated that "he was not going to go thru no religious politics" with Plaintiff, and stated that "he didn't care" about Plaintiff's First Amendment rights. *Id.* Plaintiff contends that Defendant's security officer then removed him from the building because he refused to not wear his Kufi. The undersigned has previously conducted a frivolity review in this action and concluded that the action is not frivolous. While the standards of review for frivolity actions are not the same as standards of review for Motions to Dismiss for failure to state a claim, the undersigned noted in the prior Order:

A number of courts have recognized a right under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 20000cc,[3] to wear a kufi. *See Garner v. Livingston*, 2011 WL2038581 (S.D. Tex.)("wearing the head covering known as the Kufi is also a religious practice which is important to the free exercise of the Plaintiff's Muslim religion."); *Crum v. May*, 2005 WL1919481 (D. Del.)(plaintiff's claim that his kufi was taken "survives frivolousness review"); *Jones 'El v. Berge*, 2000 WL34237510 (W.D. Wis.)(implicitly recognizing an inmate's First Amendment right to wear a kufi).

The allegations of Plaintiff's Complaint sufficiently state a claim upon which relief can be granted against Defendant, and this case should proceed.

## IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[3] The referenced statute is not directly applicable to Plaintiff because he is not a prisoner. Nevertheless, one section of the statute is headed "Protection of religious exercise ..." and it protects essentially the same right of free exercise of religion as the First Amendment. *See Cutter v. Wilkinson*, 423 F.3d 579, 581-83 (6th Cir. 2005).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge