## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **RASHID AL-QADIR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:11-cv-0357** |
| | ) | **Judge Trauger** |
| **G4S SECURE SOLUTIONS** | ) | **Magistrate Judge Knowles** |
| **(USA), INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Pending before the court is the Magistrate Judge's May 31, 2012 Report and

Recommendation ("R&R") (Docket No. 34), which recommended that the defendant's Motion to

Dismiss (Docket No. 30) be denied. The defendant, G4S Solutions (USA), Inc. ("G4S"), has filed

objections to the R&R (Docket No. 36), to which the plaintiff has responded (Docket No. 39).

The plaintiff, initially proceeding *pro se*, commenced this civil rights action on April 13,

2011. In his *pro se* Complaint, he alleged that the defendant, G4S, violated his First Amendment

right to freely exercise his Islamic faith. (Docket No. 1, at 2-3.) Specifically, he alleges that one

of the defendant's security officers, an Officer Frierson, prevented him from entering the Juvenile

Court building in Nashville, Tennessee because he failed to remove his kufi, a small head piece

he wears as part of his religious practice. (*Id.*) According to the plaintiff, he told Officer Frierson

that he would be willing to remove his kufi so that it could be searched for contraband, but that he

refused to keep it off during his time in the building because it was part of his religious attire. (*Id.*

1

at 2.)  The plaintiff was eventually removed from the Juvenile Court building by G4S staff.  (*Id.* at 3.)

On February 2, 2012, G4S filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 30), to which the plaintiff responded on February 16, 2012 (Docket No. 33).  On May 31, 2012, the Magistrate Judge issued his R&R, finding that the plaintiff sufficiently stated a 42 U.S.C. § 1983 claim for First Amendment violations and thus recommended that the defendant's motion be denied.  (Docket No. 34.)  G4S filed its objections to the R&R on June 14, 2012, and argued that the Magistrate Judge erred in: (1) construing the allegations contained in the plaintiff's *pro se* Complaint as asserting a claim under § 1983; (2) failing to analyze any § 1983 claim under the appropriate framework; (3) improperly considering the Religious Land Use and Institutionalized Persons Act in conducting his analysis; and (4) determining that the plaintiff had sufficiently stated a claim upon which relief could be granted. (*See* Docket No. 36.)

After G4S filed its objections, the plaintiff retained counsel in this matter, Mr. Andrew Love, who filed a Notice of Appearance on June 19, 2012.  (Docket No. 37.)  The plaintiff then filed a motion seeking leave to amend his original *pro se* Complaint, arguing that the proposed Amended Complaint corrected certain deficiencies highlighted by G4S in its Motion to Dismiss. (Docket No. 38.)  On June 28, 2012, the plaintiff filed his response to the defendant's objections. (Docket No. 39.)  On the same date, the Magistrate Judge granted the plaintiff's motion to amend. (Docket No. 40.)  G4S did not seek to have this court review that order.

The filing of the Amended Complaint moots the defendant's pending motion to dismiss the original *pro se* Complaint. Accordingly, the Magistrate Judge's May 31, 2012 R&R recommending denial of the defendant's Motion to Dismiss (Docket No. 34) is **ACCEPTED** for the modified reason expressed herein. The defendant's Motion to Dismiss is **DENIED**.

It is so ordered.

Enter this 13th day of August 2012.

ALETA A. TRAUGER
United States District Judge